IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| DAVID KEVIN BOWLES, | : |
|     Plaintiff, | : |
| v. | :    Case No.: CAL17-09411 |
| DIAMOND STATE TRUCKING, INC., *et al.* | : |
|     Defendants. | : |

### REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW the Defendant, Diamond State Trucking, Inc., by and through his attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and hereby serves their First Request for Production of Documents upon the Plaintiff, David Kevin Bowles, and requests that the Plaintiff produce the following documents at the law offices of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, 500 E. Pratt Street, Suite 600, Baltimore, Maryland 21202 for inspection and copying within thirty (30) days of service of this Request for Production.

### INSTRUCTIONS

A. Each Production Request shall be construed to include documents within Plaintiff's possession, custody or control or the possession, custody or control of Plaintiff's agents, representatives, attorneys, privies, heirs and assigns as of the date of Plaintiff's response to these Production Requests as well as any document that subsequently is obtained or discovered and that demonstrates that any production originally provided in response to these Production Requests was incorrect or incomplete in any way when made or subsequently became incorrect or incomplete. Such supplemental documents are to be supplied.

B. If the response to any Production Request consists, in whole or in part, of an

677643v.1


EXHIBIT 1

objection, including burdensomeness, then provide those documents which can be produced without undue burden. For such documents that are too burdensome to produce, describe the process or method required to obtain documents, the quantity and location of documents involved, and the number of employee hours and costs of the search.

C. For any information you withhold because of a claim of privilege, identify the information withheld and identify the precise privilege claimed with sufficient specificity to permit the requesting party's counsel and the court to make a full determination whether the claim of privilege is valid.

With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the Plaintiff setting forth as to each such document:

  (i)  The name of the sender of the document;

  (ii)  The name of the author of the document;

  (iii)  The name of the person to whom copies were sent;

  (iv)  The date of the document;

  (v)  The date on which the documents were received by those having possession of the document;

  (vi)  A brief description of the nature and subject matter of the document; and

  (vii)  The statute, rule or decision which is claimed to give rise to the privilege.

D. If the response to any Production Request is an objection, provide such information as can be ascertained to state the basis of the objection.

E. If any document which forms a part of or the entire basis for any response to this Production Request has been destroyed, for each such document state when it was destroyed,

677643v.1

identify the person who destroyed the document and the person who directed that it be destroyed. Also, describe the nature of the document, identify the persons who created, sent, received or reviewed the document and state in as much detail as possible the contents of the document.

F. In producing the documents called for herein, segregate the documents so as to identify the numbered request to which the document responds.

G. This request is a continuing request throughout the course of the litigation of the above-captioned matter. Accordingly, if at any time information requested herein becomes known to Plaintiff such information is to be forwarded to counsel for this Defendant.

## DEFINITIONS

As used herein, the following terms have the following meanings, unless the context otherwise requires.

1. "Contracts" means any oral or written agreements, protocols, understandings, whether formal or informal, and any courses of dealings or patterns of practices in dealings between any two or more persons or entities.

2. "Correspondence" means, in addition to its ordinary meaning, any recording, memorandum note (handwritten or otherwise) or computer records maintained in digital storage medium, data tape, CD ROM, disk, floppy disk, hard drive, semi-conductor memory, and optical memory, of conversations or telephone calls.

3. "Document" or "document" means the original and drafts and copies, including copies with notations or marks not found on the original, or any writing or printed, graphic or electronic materials of any nature whatsoever, including, but not limited to, records, reports, memoranda, notes, calendar or diary entries, letters, envelopes, telegrams, telexes, telephone bills, checks, other written communications, messages (including, but not limited to, reports of

telephone conversations and conferences), studies, summaries, tabulations, analyses, diagrams, sketches, lay-outs, printed matter, minutes, photographs, tapes, correspondence, financial statements, worksheets, other communications, contracts, agreements, other official documents and legal instruments, journals, manuals, technical releases, employment applications and agreements, orders, statements, bills, receipts, vouchers, notebooks, data sheets and computer records maintained in digital storage medium, data tape, CD Rom, disk, floppy disk, hard drive, semi-conductor memory, and optical memory, or records kept by any other means. In all cases where originals and/or non-identical copies are not available, the term "document" also means identical copies of original documents and copies of non-identical copies.

4. "Person" means any natural person or an artificial person, including corporations, partnerships, proprietorships, unincorporated associations, limited liability companies, governmental bodies and any other entity.

5. As used herein, the singular form of a noun or pronoun shall be considered to included within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

6. The term "relate to" or "relating to" means concerning, embodying, considering, mentioning, respecting, bearing on, referring to or addressed in whole or in part to that subject.

7. "And" or "or" as used herein means "each and every" as well as "any one".

8. "You," "your" and "yourself" refer to the party to whom the following Production Requests are addressed, and his agents, representatives, heirs, assigns, privies and/or attorneys.

9. "Communication(s)" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thought, opinions or data are transmitted

between two or more persons and/or entities.

## DOCUMENTS REQUESTED

1. Copies of any and all written documents containing statements made by any person with knowledge concerning the allegations contained in the Complaint.

2. All documents that refer or relate to any admissions made by any party to this action.

3. All documents that refer or relate to any declarations against interest relating to the subject matter of this action.

4. All expert reports or summaries of all oral reports of any experts consulted by you, together with copies of the curriculum vitae of each such expert.

5. All reports or summaries of oral reports provided to you by an expert witness who is expected to testify in this case.

6. All documents relied upon by each of your expert witnesses in the preparation of each expert report.

7. All documents relating to Plaintiff's employment and documentation of any lost wages claimed in the above-referenced matter.

8. All documents upon which you rely to support the allegations set forth in the Complaint.

9. All documents relating to the subject matter of this action.

10. Copies of all pleadings and correspondence and/or related records that Plaintiff has received from any defendant in this case.

11. All documents that support the nature, basis, amount, and manner of computation of all monetary relief and/or damages that Plaintiff is seeking.

5

12. All documents that evidence, refer, or relate to your claim of damages as identified in the Complaint.

13. Copies of any and all medical records, reports, nurses' and physicians' notes, x-rays, MRIs, CAT Scans, and/or other diagnostic tools, hospital reports, records, and all bills relating to Plaintiff's accident as identified in the Complaint.

14. Copies of any and all photographs, charts, diagrams and other documents which Plaintiff intends to use to support the allegations against these or other Defendants.

15. Copies of all medical bills for which Plaintiff seeks recovery, together with all reports, studies, or analyses which set forth the amount of medical bills that the injured Plaintiff may incur in the future.

16. Copies of all police reports or accident reports concerning the allegations contained in the Complaint.

17. Copies of all bills, invoices, canceled checks or other documents, papers, records, or writings evidencing monetary expenses for which the Plaintiff seeks recovery.

18. Copies of all academic transcripts, submissions, bills, and or other documents, papers, records, or writings evidencing or relating to changes or interruptions in Plaintiff's academic pursuits for which the Plaintiff seeks recovery.

19. Copies of all Workers' Compensation and/or disability records relating to Plaintiff.

20. Copies of the Plaintiff's tax returns and W2 statements for years 2009 to the present.

21. Copies of all pleadings, correspondence, settlement papers, releases, medical records, bills, invoices, accident or police reports, expert reports, photographs, charts, statements

677643v.1

or admissions, and all other documents relating to any other prior litigation, lawsuit or claim, that the Plaintiff has been involved in, either as a Plaintiff or Defendant.

22. Copies of any medical/health or related insurance policies that are or may be responsible for the payment of any amount(s) of Plaintiff's medical and related expenses incurred as a result of the subject accident.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____
Brigitte J. Smith, Esquire
Emelia Hall, Esquire
Wilson Elser Moskowitz Edelman &
Dicker LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202
Phone: (410) 539-1800
Fax: (410) 962-8758
***Attorneys for Defendant Diamond State Trucking, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Request for Production of Documents were served via first class mail, postage prepaid, this 7th day of July, 2016 to:

Jason E. Miles, Esquire
Law Offices of J. Eugene Miles, Esquire
711 Saint Paul Place
Baltimore, Maryland 21202
*Attorney for Plaintiff*

_____
Brigitte J. Smith

7

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| DAVID KEVIN BOWLES, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: CAL17-09411 |
| DIAMOND STATE TRUCKING, INC., *et al.* | : | |
| Defendants. | : | |

### INTERROGATORIES TO PLAINTIFF

To: David Kevin Bowles, Plaintiff

From: Diamond State Trucking, Inc., Defendant

COME NOW the Defendant, Diamond State Trucking, Inc., by and through his attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and propound these Interrogatories to Plaintiff pursuant to Maryland Rule 2-421 to be answered using the following instructions:

### INSTRUCTIONS

A. Pursuant to Maryland Rule 2-421, you are required to answer the following interrogatories within 30 days or within the time otherwise required by court order or by the Maryland Rules.

B. In accordance with Rule 2-421(b), your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

C. Also in accordance with Rule 2-421(b), your answers "shall include all information available" to you "directly or through agents, representatives, or attorneys."

677642v.1

D. These Interrogatories are continuing in character, which require you to file supplementary Answers if you obtain additional, supplemental or different information.

E. Where the name or identity of a person is requested, please state the full name, home address, business address, and telephone number, if known.

F. Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

G. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, next friend, guardian, representative, and attorneys, unless privileged.

H. The pronoun "you" refers to the party to whom these Interrogatories are addressed as well as the persons mentioned in clause (G).

I. If any Interrogatory asks for information that could at some time have been answered by producing, consulting or referring to documents that are no longer in existence, identify each Interrogatory and, with respect thereto: identify the information contained in those documents; state the circumstances under which such documents ceased to exist; and identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

## **DEFINITIONS**

A. The terms "you" and "your" refers to the Plaintiffs, and any agents, servants, employees, representatives, accountants, lawyers, and all other persons acting on or behalf of either or both plaintiffs.

B. "Person" means any individual, natural person, corporation, partnership, association, joint venture, firm, proprietorship, agency, board, authority, commission, or any other kind of entity.

2

C. "Document" means any written, typed, printed, recorded, coded, or graphic matter of any kind, however produced or reproduced, any electronically or magnetically recorded or stored matter of any kind or character, and any other matter or thing of any kind or character that stores, memorializes, or records information, whether transcribed by hand or by some mechanical, photographic or other means, and whether or not the original is now in existence, including without limitation: advertisements; agreements; analyses; announcements; appointment books; articles; audiotapes; bills; books; books of account; brochures; bulletins; calendars; cancelled tickets; catalogues; cables; calendars or desk pads; cancelled checks; certificates; charts; compilations; computer diskettes; computer records; computer tapes; contracts; control sheets; correspondence; data processing cards, forms, and records; deposition transcripts; diaries; directions; drafts; drawings; e-mails; facsimiles; files; film; fliers; forms; graphs; handwritten notes; instructions; inter office or intra-office communications; journals; labels; ledgers; letters; mailgrams; medical records; medical reports; memoranda (including any type or form of notes, memoranda or sound recordings of personal thoughts, recollections or reminders, agreements, meetings or conferences); microfiche; microfilm; minutes; motion pictures; newsletters; newspapers; notes; notebooks; papers; records; records of meetings, conferences, and telephone conversations; reports; packaging; pamphlets; phono-records; photocopies; photographs; photostats; pictures; publications; receipts; reports; slides and still films; paper and computerized spreadsheets; statistical compilations; stenographic notes; studies; statements; sound and/or tape recordings; surveys; telecopies and tele-faxes; telegrams; telephonic messages; teletypes; telexes; technical reports; transcripts; transmittal slips; working papers; writings; videotapes; and all electromagnetic storage media, including computer tapes, disks, and diskettes, and other data compilations from which information can be obtained,

677642v.1

decoded, and/or translated, as necessary, through the use of playback or detection devices into reasonably usable form and other papers or matters similar to any of the foregoing, however denominated.

If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), each non-identical copy is a separate "document." The phrase "each and every document" shall mean each and every document which can be designated and/or located by the use of reasonable diligence, whether located on premises of the plaintiff and/or elsewhere.

D. The terms "incident", "occurrence", and "accident" refer to the automobile accident as alleged in the Complaint.

E. "Identify," when used in connection with a document or written communication, means to indicate the type or character of the document or written communication (e.g., letter, memorandum, signed statement, etc.) the title, if any, the date, the name and address of the author and addressee, the names and addresses of recipients of copies, the person who has custody or control of the document, and the document's present location. If any document was, but no longer is, in your possession, or subject to your control, state what disposition was made of it and when.

F. "Identify," when used in connection with a person, means to give the name as well as the present or last known home and business addresses, and home and business telephone numbers.

G. "Identify" when used in connection with a corporation, partnership, or other business entity, means to give the entity's name and address and identify the state in which the entity is or was incorporated or organized.

H.   "Identify" when used in connection with an oral conversation or communication means to provide the date, parties present, the method of the conversation or communication (e.g., face to face, via telephone, etc.), the method, if any, by which the conversation or communication was memorialized (e.g., by memorandum, handwritten notes, tape recording, etc.), and the words spoken by each party to the conversation or communication if they can reasonably be recalled and, if not, the substance of the conversation or communication.

I.   "Identify" when used in connection with an act performed by any person means to identify the person committing the act, the date and location of the act, and identify any documents or conversations or communications that relate in any way to the act.

J.   "Identify" when used in connection with a date means to provide the month, day, and year.

K.   "Identify" when used in connection with a law, legal authority or regulation, means to include the official citation and the exact words for each law or regulation.

L.   The singular connotes and includes the plural herein and vice versa.

M.   The masculine includes the feminine, and vice versa.

N.   The term "communication" as used in these Interrogatories shall mean any oral or written transmission of information, opinion, belief, idea or statement, whether made in person, by telephone or by other means.

## INTERROGATORIES

1.   State your full name, home address, social security number, date of birth, occupation, and business address if employed or academic address if in school. Please state the period of time for which you have resided at the listed home address and worked at the listed business address, as well as your title and responsibilities at said business.

677642v.1

2. Give a concise statement of fact summarizing how you contend the alleged incident took place, including, but not limited to time, date, precise location, road configuration, and weather conditions.

3. If you contend that the driver of the vehicle that you claim struck you was on duty or acting within the scope of his employment, provide the factual basis for you contention and identify any person with knowledge of this information.

4. State the exact nature of the injuries you allege you received as a result of the occurrence and the treatment you received, including in your answer (a) the dates of admission and discharge from all hospitals and health care facilities as a result of these injuries; (b) the names and addresses of all treating physicians and other health care providers; (c) the dates for which you received treatment from each such physician and health care provider and (d) the amounts charged by each physician and/or health care provider and (e) whether you are claiming any of these injuries have left you permanently disabled.

5. Set forth the total amount that you claim as damages against these Defendants and, as to each claim for damages, identify the amount claimed, the factual basis, and identify all individuals having knowledge of each claim for damages.

6. Identify each and every person who may have information or knowledge of any facts relevant to your claims and/or lawsuit. As to each person, state the name and current address of each individual, state whether they were an eyewitness to the incident, identify the substance of all information or knowledge possessed by each person, the manner in which each person obtained the information or knowledge, whether or not each person gave any statement, either oral or in writing, of the information or knowledge, and the date of any such statement and its current location/custodian.

677642v.1

7.  Provide the names, addresses, and phone numbers of all persons who were at or near the scene of the scene of the occurrence, or who arrived at the scene within three (3) hours after the occurrence.

8.  Name all medical providers which have examined or treated you within the past ten (10) years, including those who provided care and treatment as a result of the allegations you are making in this lawsuit, and state the approximate dates and nature of such treatment or examination.

9.  List all health insurance and PIP insurers who have covered you for the past ten (10) years, including therein all insurance policy and/or patient identifying insurance numbers, and with regard to any insurance benefits or reimbursement of any type available to you for the payment of any expenses incurred allegedly as a result of injuries or damages claimed in this case, state the name and address of the insurance company or other source of such benefits, the claim and or coverage dates, the nature and extent of the benefits available, and the dollar amounts paid by insurers or other sources for reimbursement of any expenses, treatments or other services which you will claim as part of the damages in this case.

10. State whether you ever had, prior to or subsequent to this incident, complaints of pain, discomfort, or symptoms to those parts of the body alleged to have been injured in this occurrence. If your Answer is in the affirmative, state the dates of each such incident or occurrence or the date of onset of each complaint and describe the pain, discomfort, or symptoms experienced, and, if applicable, state the names and addresses of the physicians and hospitals who examined or treated your insured for such conditions and the dates of said occurrence, and the diagnoses and prognoses provided therefore and whether you contend that a previous injury, disease or condition was aggravated, accelerated, or exacerbated by this occurrence.

11. State whether you have ever made any other claim for personal injuries, excluding the instant action, whether related to an automobile accident or otherwise, and if so, identify the date and circumstances of each such claim, including the party against whom such claim was made, the final disposition/resolution of the claim, and the nature and extent of the injuries you sustained in each claim.

12. As a result of the allegations you are making in this lawsuit, if it is your claim that a previous injury, disease or condition has been aggravated, accelerated or exacerbated, specify in detail the nature and extent to which it has been aggravated, accelerated or exacerbated and identify the health care provider who rendered treatment for said previous injury, disease or condition.

13. Identify each person who has paid Medicare, Medicaid, or other federally funded benefits to anyone with respect to the injuries or occurrence complained of in this action, and for each such person: (a) state the type and amount of benefits paid; (b) state the case number, policy number, or other identifiers for any benefits paid or payable by that person; and (c) identify all documents that contain any of the information requested in this interrogatory.

14. If you contend that you have lost wages as a result of the incident for which you seek compensation, identify your wage per week, the days missed from work and the total wage lost to include any future loss of earnings or earning capacity.

15. State the names and addresses of all experts or treating health care providers whom you intend to call as witnesses at the trial of this matter. Please state the subject matter on which the expert or treating health care provider is expected to testify, the substance of the findings and the opinions and a summary of the grounds for each opinion. If they have prepared a report of their findings, please attach a copy of all reports prepared by the witness and a resume

8

677642v.1

or curriculum vitae to your answers to these interrogatories.

16. State the names and addresses of each person not heretofore mentioned in your answers to these interrogatories who has personal knowledge of facts material to this case and identify the substance of each person's knowledge.

17. Identify each crime of which you have been convicted, date of conviction, the name and address of each court wherein each conviction occurred, and note dates and places of incarceration.

18. If you are aware of any admissions, oral statements or conversations made at the time of, or at any time subsequent to the happening of this occurrence up to the present time by any part to this litigation, or his / its agents, state the substance of each such statement or conversation, giving the name, address, occupation and business address of those persons who have personal knowledge of such statements and/or witnessed same, and the places, times and dates when such statements were made and identify the party who made each such statement.

19. As to the date of the occurrence, state the itinerary of you and/or your vehicle, including the time and place of the beginning of the trip, time and duration of each stop, the place of destination and the expected time of arrival, and the type of vehicle that you were operating or riding in.

20. Give the names and addresses of all eyewitnesses to all or part of the occurrence complained of, and describe the location of each eyewitness at the time of the occurrence.

21. If you consumed any alcoholic beverages, drugs, and/or medications within twenty-four (24) hours prior to the incident, state the kind and quantity you consumed, the names and addresses of the places where you consumed them, the times at which you consumed them, and the names and addresses of all persons present when you consumed them.

22. State whether you have ever received any disability, welfare, unemployment, Medicare payments, Medicaid payments and/or workers' compensation benefits from any federal, state and/or District of Columbia governmental body or agency. If your Answer is yes, please give inclusive dates of each and every such payment, the name of the governmental body or agency making the payment, the means used by that government to identify the Plaintiff or that payment to the Plaintiff, and give a detailed explanation of what each and every payment received by you was for.

23. Specify all individuals present in the vehicle you were allegedly occupying at the time of the subject incident and as to each individual, describe the nature of your relationship to that individual including, but not limited to, details pertaining to the familial relationship, if any, length of acquaintance, how introduced, identification of identical employers, frequency of communication, frequency of face to face interaction / meetings, etc.

24. State the names and addresses of all persons known to you who have signed a written or recorded statement concerning the subject matter of this action, the date of each such statement, identifying the person taking the statement of the names and addresses of the present custodian of each said statement. If made by this party or any agent, servant, representative or employee of this party, attach hereto exact copies of all such recorded or written statements.

677642v.1

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____
Brigitte J. Smith, Esquire
Emelia Hall, Esquire
Wilson Elser Moskowitz Edelman &
Dicker LLP
500 East Pratt Street, Suite 600
Baltimore, Maryland 21202
Phone: (410) 539-1800
Fax: (410) 962-8758
*Attorneys for Defendant Diamond State Trucking, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Interrogatories were served via first class mail, postage prepaid, this 7th day of July, 2017 to:

Jason E. Miles, Esquire
Law Offices of J. Eugene Miles, Esquire
711 Saint Paul Place
Baltimore, Maryland 21202
*Attorney for Plaintiff*

_____
Brigitte J. Smith