UNITED STATES DISTRICT COURT
                          DISTRICT OF MARYLAND

    CHAMBERS OF                                              U.S. Courthouse
 TIMOTHY J. SULLIVAN                                      6500 Cherrywood Lane
UNITED STATES MAGISTRATE JUDGE                          Greenbelt, Maryland 20770
MDD_TJSchambers@mdd.uscourts.gov                              (301) 344-3593

January 4, 2018

LETTER TO COUNSEL

      Re:    *David Bowles v. Diamond State Trucking, Inc., et al.*
              Civil Case No. TJS-17-1877

Dear Counsel:

      Pending before the Court is the "Motion to Dismiss, or for Other Relief, Pursuant to Rule 37(b)" ("Motion") (ECF No. 24) filed by Defendants Diamond State Trucking, Inc. and Jimmy Dean Wilson ("Defendants"). Plaintiff David Bowles has not filed a response to the Motion and the time for doing so has passed. *See* Loc. R. 105.2. I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion is **GRANTED**.

      Previously, the Court granted a motion to compel filed by Defendant Diamond State Trucking, Inc., and directed that Plaintiff serve responses to interrogatories and document production requests by December 15, 2017. (ECF No. 23.) The Court also extended the deadlines of the Scheduling Order to accommodate for the delay in the production of Plaintiff's discovery. The Court warned Plaintiff that failure to produce discovery responses as directed might result in sanctions pursuant to Rule 37(b), including dismissal.

      Defendants state that Plaintiff failed to comply with the Court's Order compelling the production of discovery, and move for dismissal under Rule 37(b). (ECF No. 24 at 1.) Defendants argue that they "have been prejudiced by Plaintiff's failure to provide discovery on the issue of liability and damages." Defendants further report that Plaintiff's counsel informed them that "he has been unable to locate his client, despite multiple attempts." (*Id.* at 2.)

      District courts have the authority to dismiss cases under Rule 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). If a party "fails to obey an order to provide or permit discovery," the Court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 37(d)(1)(ii), (d)(3). In addition, Rule 41(b) provides that the Court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with . . . a court order."

      The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *see also Hillig v. Comm'r of Internal Revenue*, 916

F.2d 171, 174 (4th Cir. 1990) (stating four similar factors to consider prior to dismissal under Rule 41(b). The Court must consider:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Id.*

Here, all factors weigh in favor of dismissal. With regard to the first factor, Plaintiff's bad faith or personal responsibility, Plaintiff failed to respond to Defendants' discovery requests or justify his failure to respond, even after the Court ordered him to respond. By failing to respond to discovery requests and not opposing the Defendants' motion to compel or motion for sanctions, Plaintiff has demonstrated bad faith by "providing no indication that he is prosecuting his own claim." *See Lance v. Megabus Northeast, LLC*, No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug 14, 2017). Regarding the second factor, Defendants have suffered prejudice because the discovery requests are directed to the issues of liability and damages in this case. Without discovery from the Plaintiff, Defendants are hampered in their ability to prepare a defense. As to the third factor, Plaintiff has yet to comply with the Federal Rules regarding his discovery obligations and has ignored the Court's Order directing him to produce discovery responses. Such conduct "must obviously be deterred." *Id.* (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)). As for the fourth factor, Plaintiff's conduct has demonstrated that lesser sanctions than dismissal will not be effective. Plaintiff brought this case, then proceeded to ignore his discovery obligations and violate this Court's Order compelling him to produce discovery, even after the Court warned him that dismissal could result from a violation of the Order. Lesser sanctions than dismissal will not be effective.

For these reasons, dismissal of Plaintiff's case with prejudice is appropriate. Defendants' Motion (ECF No. 24) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge